CARMEN PLAZA DE JENNINGS (SBN 091742)
cpdjennings@pjclawyers.com
JAYNE BENZ CHIPMAN (SBN 140048)
jchipman@pjclawyers.com
PLAZA DE JENNINGS & CHIPMAN LLP
1000 Marina Village Parkway, Suite 110
Alameda, CA 94501
Telephone: (510) 319-7080

Attorneys for Defendants
THE FOOTHILL-DE ANZA COMMUNITY
COLLEGE DISTRICT, DE ANZA COMMUNITY
COLLEGE, LLOYD A. HOLMES, PATRICK
AHRENS, LAURA CASAS, PEARL CHENG,
PETER LANDSBERGER, GILBERT WONG,
ALICIA CORTEZ, THOMAS RAY, CHRISTINA
ESPINOSA-PIEB, and LYDIA HEARN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TABIA LEE,<br><br>        Plaintiff,<br><br>vs.<br><br>THE FOOTHILL-DE ANZA COMMUNITY COLLEGE DISTRICT, DE ANZA COMMUNITY COLLEGE, LLOYD A. HOLMES, in his official and individual capacity; PATRICK AHRENS, LAURA CASAS, PEARL CHENG, PETER LANDSBERGER, GILBERT WONG in their official capacity; AND ALICIA CORTEZ, THOMAS RAY, CHRISTINA ESPINOSA-PIEB, and LYDIA HEARN in their individual and official capacity,<br><br>        Defendants. | Case No.  5:23-cv-03418-PCP<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**Date:** January 18, 2024<br>**Time:** 10:00 a.m.<br>**Judge:** Hon. P. Casey Pitts<br>**Courtroom:** 8 |

i

PLAZA DE JENNINGS & CHIPMAN LLP
ATTORNEYS AT LAW
ALAMEDA

PLAZA DE JENNNINGS & CHIPMAN LLP
ATTORNEYS AT LAW
ALAMEDA

# TABLE OF CONTENTS

Page(s)

I.  PRELIMINARY STATEMENT AND RELEVANT FACTS ............................................... 1

II. LEGAL STANDARDS FOR MOTION TO DISMISS .......................................... 3

III. ARGUMENT .......................................................................................... 4

    A.  Plaintiff's State Law Claims (Counts 3, 4, 5 and 7) Against The District, De Anza College, And All Defendants Sued In Their *Official* Capacity Are Barred By Eleventh Amendment "Sovereign" Immunity ................................................ 4

    B.  Plaintiff's 42 U.S.C. Section 1983 Claims (Count 1) Brought Against The Individual Trustee Defendants And The Individual Employee Defendants Must Be Dismissed On Multiple Grounds ......................................................... 6

        1.  Plaintiff's Section 1983 Claims For Damages Against The Individual Trustee Defendants, And The Individual Employee Defendants Sued In Their *Official Capacity*, Must Be Dismissed Because Such Defendants Are Not A "Person" Within The Meaning Of The Statute ....................................... 6

        2.  *Plaintiff Fails To State A Claim For Prospective Injunctive Relief Against Individual Defendants (Trustee Or Employee) Sued In Their Official Capacities* ........................................................................................ 7

        3.  Plaintiff's Section 1983 Claim Fails To State A Claim For Damages Against Individual Defendants Sued In Their *Individual* Capacities ........................... 9

        4.  Each Individual Employee Defendant Sued In Their *Individual Capacity* Should Be Dismissed With Prejudice From Plaintiff's Section 1983 Claim Due To Qualified Immunity .................................................................. 11

    C.  Count 2 Should Be Dismissed Because Plaintiff Fails To State A Claim For Discrimination On The Basis Of Race Under Title VI Of The Civil Rights Act Of 1964 Against The District And De Anza College ............................................. 13

    D.  Count 3 Should Be Dismissed Because It Fails To State A Claim For Violation Of The California Constitution, Art. I, § 2(a) Against Any Defendant As A Matter of Law .. 14

    E.  Count 6 For Discrimination And Retaliation In Violation Of Title VII Of The Civil Rights Act Of 1964 Should Be Dismissed In Whole Or Part For Failure To Exhaust Administrative Remedies And Failure To State A Claim ............................................. 15

        1.  Failure To Exhaust .......................................................................... 15

        2.  Race Discrimination ........................................................................ 16

        3.  Hostile Work Environment ................................................................ 18

        4.  Retaliation ...................................................................................... 19

    F.  Count 7 For Violation Of California's Fair Employment And Housing Act (FEHA) Should Be Dismissed As To The Individual Defendants Sued In Their Individual

ii

Capacities On The Grounds Of Failure To Exhaust Administrative Remedies And Failure To State A Claim ........................................................................... 20

    1.    Failure To Exhaust ................................................................................. 20

    2.    Failure To State A Claim Against The Individual Employee Defendants.... 21

IV.  CONCLUSION.................................................................................................... 24

PLAZA DE JENNNINGS & CHIPMAN LLP
ATTORNEYS AT LAW
ALAMEDA

iii

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acosta v. City of Costa Mesa,*
  718 F.3d 800 (9th Cir. 2013)..................................................................................15

*Adams v. Johnson,*
  355 F.3d 1179 (9th Cir. 2004)..................................................................................4

*Aguilar v. Avis Rent A Car Sys., Inc.,*
  21 Cal.4th 121 (1999) .............................................................................................22

*Alexander v. Sandoval,*
  532 U.S. 275 (2001) (Title VI)................................................................................13

*Alo v. Goldsmith,*
  2023 U.S. Dist. LEXIS 111579, 2023 WL 4239066 (E.D. Cal. June 28, 2023) ......9

*Alo v. Goldsmith,*
  2023 U.S. Dist. LEXIS 157390 (E.D. Cal. Sept. 6, 2023).........................................9

*Aoyagi v. Straub Clinic & Hosp., Inc.*
  140 F. Supp. 3d 1043 (D. Haw. 2015) ...................................................................16

*Ascarie v. Gavilan Coll.,*
  2016 U.S. Dist. LEXIS 147901, 2016 WL 6216964 (N.D. Cal. October 25,
  2016) ........................................................................................................................5

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ..........................................................................................*passim*

*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 455 (2007) ................................................................................................3

*Brewster v. Bd. Of Educ. Of Lynwood Unified Sch. Dist.,*
  149 F.3d 971 (9th Cir. 1998)..................................................................................12

*Carbonell v. City of San Diego,*
  2017 U.S. Dist. LEXIS 185487, 2017 WL 5176986 (S.D. Cal. November 7,
  2017) ..................................................................................................................13, 14

*Cuviello v. City & County of San Francisco,*
  940 F. Supp. 2d (N.D. Cal. 2013) ..........................................................................15

*Degrassi v. Cook,*
  29 Cal.4th 333 (2002) ............................................................................................15

iv

PLAZA DE JENNINGS & CHIPMAN LLP
ATTORNEYS AT LAW
ALAMEDA

*Demers v. Austin,*
    746 F.3d 402 (2014).............................................................................................. 12

*Doe v. Lawrence Livermore Nat'l Lab,*
    131 F.3d 836 (9th Cir. 1997)................................................................................. 7

*Doe v. Regents of the Univ. of Cal.,*
    891 F.3d 1147 (9th Cir. 2018)............................................................................... 5

*Duke v. City Coll. Of San Francisco,*
    445 F. Supp. 3d 216 (N.D. Cal. 2020) ............................................................... 7, 9

*Faragher v. Boca Raton,*
    524 U.S. 775 (1998).............................................................................................. 22

*Fayer v. Vaughn,*
    649 F.3d 1061 (9th Cir. 2011)............................................................................... 3

*Fitzpatrick v. Bitzer,*
    427 U.S. 445 (1984).............................................................................................. 13

*Fort Bend Cty. v. Davis,*
    139 S. Ct. 1843 (2019) ......................................................................................... 16

*Gao v. Hawaii Dep't of the Attorney General,*
    2010 U.S. Dist. LEXIS 2073 (D. Hawaii Jan. 12, 2010), aff'd 424 Fed. Appx
    641, 2011 U.S. App. LEXIS 6271 (9th Cir. 2011)............................................... 14

*George v. Cuyamaca Community College Dist. Bd.,*
    2022 U.S. Dist. LEXIS 215141 (S.D. Cal. November 29, 2022) ........................ 4, 14

*Giles v. San Joaquin Valley Rehab. Hosp.,*
    2023 U.S. Dist. LEXIS 121567, 2023 WL 4551692 (E.D. Cal. July 14, 2023) ............... 16, 18

*Gordon v. Cnty of Orange,*
    6 F.4th 961 (9th Cir. 2021)................................................................................... 11, 12

*Hafer v. Melo,*
    502 U.S. 21 (1991)................................................................................................ 6, 7

*Hartmann v. California Dep't of Corr. & Rehab,*
    707 F.3d 1114 (9th Cir. 2013)............................................................................... 7, 8

*Hashimoto v. Dalton,*
    118 F.3d 671 (9th Cir. 1997)................................................................................. 19

*Janken v. GM Hughes Elec.,*
    46 Cal. App. 4th 55 (1996)................................................................................... 22

PLAZA DE JENNNINGS & CHIPMAN LLP
ATTORNEYS AT LAW
ALAMEDA

NOTICE, MOTION, MPA ISO DEFENDANTS' FRCP RULE 12(B)(6) MOTION
CASE NO. 5:23-CV-03418-PCP

*Jones v. The Lodge at Torrey Pines P'ship,*
  42 Cal.4th 1158 (2008) ............................................................................................ 21

*Jumaane v. City of Los Angeles,*
  241 Cal. App. 4th 1390 (2015) ................................................................................ 20

*Kim v. Konad USA Distrib., Inc.,*
  226 Cal. App. 4th 1336 (2014) ................................................................................ 20

*Lawler v. Montblanc N. Am., LLC,*
  704 F.3d 125 (9th Cir. 2013) ................................................................................... 22

*Leer v. Murphy,*
  844 F.2d 628 (9th Cir. 1988) ..................................................................................... 9

*Mandani v. Cty of Santa Clara,*
  2017 U.S. Dist. LEXIS 107301 (N.D. Cal. July 11, 2017) ....................................... 5

*McAllister v. Los Angeles Unified School Dist.,*
  216 Cal.App.4th 1198 (2013) .................................................................................. 15

*McCarthy v. Brennan,*
  2016 U.S. Dist. LEXIS 32635, 2016 WL 94609 (N.D. Cal. March 14, 2016) ........ 18, 19

*McGinest v. GTE Serv. Corp.,*
  360 F.3d 1103 (9th Cir. 2004) ................................................................................. 18

*Miklosy v. Regents of the Univ. of Calif.,*
  44 Cal. 4th 876 (2008) ............................................................................................... 5

*Mitchell v. Los Angeles Community College Dist.,*
  861 F.2d 198 (9th Cir. 1988) ..................................................................................... 5

*Monell v. Dep't of Soc. Servs. of N.Y.,*
  426 U.S. 658 (1978) ................................................................................................... 7

*Nat'l R.R. Passenger Corp. v. Morgan,*
  536 U.S. 101 (2002) ................................................................................................. 16

*Navarro v. Block,*
  250 F.3d 729 (9th Cir. 2001) ..................................................................................... 3

*OSU Student All. v. Ray,*
  699 F.3d 1053 (9th Cir. 2012) ........................................................................... 8, 9, 15

*Pennhurst State School & Hosp. v. Halderman,*
  465 U.S. 89 (1984) ..................................................................................................... 4

*Reno v. Baird,*
  18 Cal.4th 640 (1998) .............................................................................................. 21

vi

PLAZA DE JENNNINGS & CHIPMAN LLP
ATTORNEYS AT LAW
ALAMEDA

*Sampson v. Cnty of Los Angeles,*
    974 F.3d 1012 (9th Cir. 2020)...................................................................................11

*Seider v. de Vries,*
    39 F.4th 591 (9th Cir. 2022)......................................................................................12

*Shaw v. Hahn,*
    56 F.3d 1128 (9th Cir. 1995).......................................................................................3

*Shwarz v. United States,*
    234 F.3d 428 (9th Cir. 2000)....................................................................................3, 8

*Siphannay Sothary Burnes v. Chavez,*
    2020 U.S. Dist LEXIS 81663 (N.D. Cal. May 8, 2020) .............................................16

*Small v. Feather River College,*
    2011 U.S. Dist. LEXIS 51579 (E.D. Cal. May 2, 2011)............................................14

*Starr v. Baca,*
    652 F.3d 1202 (9th Cir. 2011)...............................................................................4, 14

*Tandon v. GN Audio USA, Inc.,*
    2021 U.S. Dist. LEXIS 13581, 2021 WL 242916 (N.D. Cal. July 25, 2021),
    *aff'd Tandon v. GN Audio USA, Inc.* 2022 U.S. App. LEXIS (9th Cir. Cal.,
    Apr. 25, 2022) ..........................................................................................................22

*Vasquez v. County of Los Angeles,*
    349 F.3d 634 (9th Cir. 2003).....................................................................................17

*Westendorf v. W. Coast Contractors of Nex., Inc.,*
    712 F.3d 417 (9th Cir. 2013).....................................................................................19

*Will v. Mich. Dep't of State Police,*
    491 U.S. 58 (1989).................................................................................................6, 7

*Williams v. Am. Airlines, Inc.,*
    2020 U.S. Dist. LEXIS 49949 (N.D. Cal. March 23, 2020) ......................................20

**Constitutions**

First Amendment.............................................................................................................*passim*

Eleventh Amendment.......................................................................................................*passim*

California Constitution....................................................................................................4, 5

California Constitution, Article 1, § (8) .............................................................................3

California State Constitution, Article 1, § 2(a) ..............................................................*passim*

PLAZA DE JENNNINGS & CHIPMAN LLP
ATTORNEYS AT LAW
ALAMEDA

vii

**Statutes**

42 U.S.C. § 1983 ........................................................................................................ *passim*

42 U.S.C. § 2000d-3 .......................................................................................................... 13

42 U.S.C. § 2000e-2(a)(1) ................................................................................................. 16

42 U.S.C. § 2000e-5(e)(1) ................................................................................................. 16

California's Fair Employment & Housing Act, Cal. Gov't Code §§ 12940 *et seq*................ *passim*

Civil Rights Act of 1964 Title VI, 42 U.S.C. § 2000d........................................... 2, 13, 14

Civil Rights Act of 1964 Title VII, 42 U.S.C. § 2000-e ........................................... *passim*

**Court Rules**

Federal Rule of Civil Procedure 8(a)(2)............................................................. 8, 10, 14, 21

Federal Rules of Civil Procedure Rule 12(b)(6) ............................................................ 1, 3

PLAZA DE JENNNINGS & CHIPMAN LLP
ATTORNEYS AT LAW
ALAMEDA

NOTICE, MOTION, MPA ISO DEFENDANTS' FRCP RULE 12(B)(6) MOTION
CASE NO. 5:23-CV-03418-PCP

PLAZA DE JENNINGS & CHIPMAN LLP
ATTORNEYS AT LAW
ALAMEDA

## NOTICE OF MOTION AND MOTION

TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on January 18, 2024 at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 8 before the Hon. P. Casey Pitts of the above-referenced court, located at 280 South 1st Street, San Jose, California, Defendants Foothill-De Anza Community College District (herein "District"), De Anza Community College (herein "De Anza College"), Lloyd A. Holmes (herein "President Holmes"), Patrick Ahrens (herein "Trustee Ahrens"), Laura Casas (herein "Trustee Casas"), Pearl Cheng (herein "Trustee Cheng"), Peter Landsberger (herein "Trustee Landsberger"), Gilbert Wong (herein "Trustee Wong"), Alicia Cortez (herein "Dean Cortez"), Thomas Ray (herein "Interim Associate Vice President for Instruction Ray" or "AVPI Ray"), Christina Espinosa-Pieb (herein "Vice President for Instruction Espinosa-Pieb" or "VPI Espinosa-Pieb") and Lydia Hearn (herein "Interim Associate Vice President for Instruction Hearn" or "AVPI Hearn") will and hereby do move this Court to dismiss Plaintiff's First Amended Complaint (herein "First Amended Complaint" or "FAC") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

This Motion is brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities, Plaintiff's First Amended Complaint ("FAC"), any and all relevant papers filed in this case, and such other further oral and documentary evidence and memoranda that may be presented to this Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    PRELIMINARY STATEMENT AND RELEVANT FACTS

Plaintiff Tabia Lee (herein "Plaintiff" or "Lee") brings claims against her former employer the Foothill-De Anza Community College District (herein "District"),[1] De Anza

---

[1] The District is comprised of two colleges:  De Anza College and Foothill College.

1

College,[2] individual members of the District's Board of Trustees,[3] and various District employees.[4] Plaintiff's claims arise out of her employment in the full-time, tenure track probationary (i.e. "contract") position as the Faculty Director of the Office of Equity, Social Justice, and Multicultural Education at De Anza College, a resource faculty position,[5] and the District's decision to release her from that position at the end of the 2022-2023 academic year pursuant to the California Education Code (sections 87600 *et seq.*) and the collectively bargained process between the District and its faculty union (hereinafter "FA").

The crux of Plaintiff's various claims is that she has been discriminated and retaliated against due to her free speech which was allegedly censored, and her race (Black), because she refused to" knuckle under" to campus "anti-racist" orthodoxy (e.g. purely performative "land acknowledgements;" intentional  misspelling of foreign words such as Latinos as "Latinx;" racially segregated "affinity groups;" other enforced "race-based pieties" such as "'decentering (whatever that means) 'Whiteness'"), and because she objected to "racial stereotypes" that target both White and Black persons. (*See e.g.* First Amended Complaint ("FAC"), p. 2, FAC ¶ ¶ 89, 230.)

Based on this general common core of allegations, repeated in various iterations throughout the First Amended Complaint ("FAC"), Plaintiff purports to state seven Counts for relief under federal and state law against Defendants as follows:

(1) 42 U.S.C. § 1983 (First Amendment) against all Individual Defendants and Individual Trustee Defendants;

(2) Title VI of the Civil Rights Act of 1964, 42 U.S.C. §2000d against the District and De Anza College;

---

[2] De Anza College is part of the District, is not a separate public entity subject to suit, and therefore a redundant party that should be dismissed.
[3] Individual members of the Board of Trustees include Trustees Ahrens, Casas, Cheng, Landsberger and Wong sued only in their official capacities (hereinafter "Individual Trustee Defendants").
[4] "District employee defendants include President Holmes, VPI Espinosa-Pieb, AVPI Ray, Dean Cortez, and AVPI Hearn sued in both their official and individual capacities (herein collectively "Individual Employee Defendants").
[5] Resource faculty are not instructional faculty and do not teach in the classroom to students.

2

(3) California State Constitution, Art. 1, section 2(a) (Free Speech) against all Defendants;

(4) Wrongful Termination in Violation of Public Policy (FEHA) against the District and De Anza College;

(5) Wrongful Termination in Violation of Public Policy (California Constitution, Art. 1, Sec. (8) against the District and De Anza College;

(6) Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000-e, against the District and De Anza College; and

(7) California's Fair Employment and Housing Act (FEHA) against the District, De Anza College and all Individual Employee Defendants.

All Counts are subject to dismissal for the reasons explained below.

## II.  LEGAL STANDARDS FOR MOTION TO DISMISS

Federal Rule of Civil Procedure section 12(b)(6) provides that a complaint (or a particular claim for relief) may be dismissed at the outset for "failure to state a claim upon which relief can be granted." Rule 12(b)(6) motions test "the legal sufficiency of the complaint." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 455, 570 (2007). On a motion to dismiss, the trial court must accept the factual allegations of the complaint as true. *Iqbal, supra*, 556 U.S. at 678; *Twombly, supra*, 550 U.S. at 570. However, this standard does not apply to conclusory allegations or legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal, supra*, 556 U.S. at 678. Moreover, the court need not accept as true allegations contradicted by judicially noticeable facts, *see Shwarz v. United States,* 234 F.3d 428, 435 (9th Cir. 2000), and it "may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into a motion for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129, n.1 (9th Cir. 1995). Nor must the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam). Mere "conclusory allegations of law and unwarranted inferences are insufficient to

3

PLAZA DE JENNNINGS & CHIPMAN LLP
ATTORNEYS AT LAW
ALAMEDA

defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

Ascertaining whether the complaint is factually plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra,* 556 U.S. at 679.  Moreover, the "well-pleaded facts" rule requires more than the mere possibility of misconduct." *Ibid.*  The complaint must "*show* that the [plaintiff] is entitled to relief." *Ibid.*, quoting Federal Rule of Civil Procedure 8(a)(2), emphasis supplied.  *See Starr v. Baca*, 652 F.3d 1202, 1214-16 (9th Cir. 2011) *George v. Cuyamaca Community College Dist. Bd.*, 2022 U.S. Dist. LEXIS 215141 *37-38 (S.D. Cal. November 29, 2022) ("*Starr* essentially stands for the proposition that, in the Ninth Circuit, '[f]ailure to comply with [Rule 8(a)(2)'s fair notice requirement] constitutes an independent basis for dismissal of a complaint even if the claims in a complaint are not found to be wholly without merit;" "shotgun" pleadings where each Count "incorporates by reference" 218-paragraph Statement of Facts section generally do not provide fair notice of the factual bases for each of the causes of action lodged against them).

Where it appears at the pleading stage that the plaintiff is not entitled to relief, the motion to dismiss should be granted.

## III.   ARGUMENT

A. **Plaintiff's State Law Claims (Counts 3, 4, 5 and 7) Against The District, De Anza College, And All Defendants Sued In Their *Official* Capacity Are Barred By Eleventh Amendment "Sovereign" Immunity**

Count 3 (California Constitution, Art. 1, § 2(a)), Count 4 (California Common Law Wrongful Termination – FEHA) and Count 5 (California Common Law Wrongful Termination – California Constitution) and Count 7 (California's FEHA) are all state law causes of action. Under the Eleventh Amendment, the state, agencies of the state, and state officials are immune from private damages suits or actions for injunctive relief under state law brought in federal court. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (Eleventh Amendment bars suits in federal court against states for violations of state law, and also against state officials even if the only relief sought is prospective injunctive relief).

It is well-established law that California community colleges such as the District and De

PLAZA DE JENNINGS & CHIPMAN LLP
ATTORNEYS AT LAW
ALAMEDA

4

PLAZA DE JENNNINGS & CHIPMAN LLP
ATTORNEYS AT LAW
ALAMEDA

Anza College are instrumentalities or arms of the State of California entitled to Eleventh Amendment immunity. *Mitchell v. Los Angeles Community College Dist.*, 861 F.2d 198, 201 (9th Cir. 1988) (California community college districts are instrumentalities or arms of the state because they depend on state funding and therefore possess Eleventh Amendment immunity; individual officials sued in their official capacities share the district's Eleventh Amendment immunity), citing *Pennhurst, supra*; *see also Ascarie v. Gavilan Coll.*, 2016 U.S. Dist. LEXIS 147901 *10, 2016 WL 6216964 (N.D. Cal. October 25, 2016) (Eleventh Amendment bars Plaintiff's FEHA claims against community college and individual defendants in their official capacities). Moreover, the *Ex Parte Young* exception to Eleventh Amendment immunity permitting suits for prospective injunctive relief against state officials sued in their *official* capacity in federal court does not apply to pendent state claims brought in federal court. *Doe v. Regents of the Univ. of Cal.*, 891 F.3d 1147 (9th Cir. 2018) ("the Young exception does not apply when a suit seeks relief under state law, even if the plaintiff names an individual state official rather than a state instrumentality as a defendant," citing *Pennhurst*).

Accordingly, **Count 3** (California Constitution, Art. 1, section 2(a)), **Count 4** (Wrongful Termination – FEHA),[6] **Count 5** (Wrongful Termination – California Constitution), and **Count 7** (FEHA) brought against the District and De Anza College must be dismissed with prejudice. Additionally, the single state law claim brought against the Individual Trustee Defendants (sued only in their official capacities), **Count 3** (California Constitution, Art. 1, section 2(a)), must likewise be dismissed with prejudice. With respect to the Individual Employee Defendants, the only state law claims brought against them are **Count 3** (California Constitution, Art. 1, section

---

[6] Irrespective of Eleventh Amendment Immunity, California law is well-settled that a public employee may not pursue common law claims for wrongful termination in violation of public policy (i.e. *Tameny* claims) against public employers such the District and De Anza College as alleged in Counts 4 and 5. *Miklosy v. Regents of the Univ. of Calif.*, 44 Cal. 4th 876, 898-900 (2008) (a *Tameny* action may not be brought against a public employer); *see also Mandani v. Cty of Santa Clara*, 2017 U.S. Dist. LEXIS 107301 *39-43 (N.D. Cal. July 11, 2017) (under *Miklosy*, a common law claim for wrongful termination in violation of public policy against a public entity is precluded by California law, including claims for equitable remedies such as reinstatement and back pay.) As such, it is a separate ground for dismissal as a matter of law.

5

2(a)) and *Count 7* (*FEHA*), which must be dismissed with prejudice to the extent the Individual Employee Defendants are sued *in their official capacity.*

As addressed below in Sections III.D and F, *Count 3* (California Constitution, Art. 1, sec. 2(a)) and *Count 7* (FEHA) against the Individual Employee Defendants *sued in their individual capacities* are also subject to dismissal notwithstanding the fact that such suits are not barred against them by the Eleventh Amendment.

## B. Plaintiff's 42 U.S.C. Section 1983 Claims (Count 1) Brought Against The Individual Trustee Defendants And The Individual Employee Defendants Must Be Dismissed On Multiple Grounds

Section 1983 provides a cause of action for violation of constitutional or other federal rights by "persons" who are "acting under color of state law." 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights; it provides a method for vindicating federal rights conferred elsewhere. Through Section 1983, Congress sought "to give remedy to parties deprived of constitutional rights and privileges and immunities by an official's abuse of his position." *Hafer v. Melo*, 502 U.S. 21, 27 (1991), *citing Monroe v. Pape*, 365 U.S. 167 (1961).

Count 1 is a claim under 42 U.S.C. § 1983 ("Section 1983")1, based on alleged violation of the First Amendment (Free Speech), brought against the Individual Trustee Defendants and the Individual Employee Defendants. Count 1 seeks monetary damages, as well as reinstatement to Plaintiff's faculty position (prospective injunctive relief). Count 1 must be dismissed on the following grounds. (FAC ¶¶ 212-221.)

### 1. Plaintiff's Section 1983 Claims For Damages Against The Individual Trustee Defendants, And The Individual Employee Defendants Sued In Their *Official Capacity*, Must Be Dismissed Because Such Defendants Are Not A "Person" Within The Meaning Of The Statute

The Supreme Court has determined that a state and its governmental arms, such as the District and De Anza College, are not "persons" subject to suit under Section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The same rule generally applies (with limited exception) to suits against state officials sued in their *official capacity* because "a suit against the state official in his or her official capacity is not a suit against the official but rather a suit against

6

the official's office" and is therefore no different than a suit against the state itself which would be barred by the Eleventh Amendment. The Eleventh Amendment also bars actions against state officers sued in their official capacities for monetary damages. There is one exception to the general rule that a state official sued in his or her *official capacity* is not a "person" for Section 1983 purposes; a state official *sued in his or her official capacity for prospective injunctive relief* is considered a "person" for Section 1983 purposes. *Will*, 491 U.S. at 71; *Doe v. Lawrence Livermore Nat'l Lab*, 131 F.3d 836 (9th Cir. 1997) (applying *Will* and holding that job reinstatement without awarding monetary damages is a form of prospective injunctive relieve).

Accordingly, Plaintiff's claims for *monetary damages* under Section 1983 against the Individual Trustee Defendants who are sued only in their official capacity, and the Individual Employee Defendants to the extent that they are sued in their *official capacity*, must be dismissed with prejudice. *See e.g. Duke, supra*, 445 F. Supp. 3d 216 (N.D. Cal. 2020).

### 2. Plaintiff Fails To State A Claim For Prospective Injunctive Relief Against Individual Defendants (Trustee Or Employee) Sued In Their *Official Capacities*

Count 1 seeks a form of prospective injunctive relief -- Plaintiff's reinstatement to her job. FAC ¶ 221. Plaintiff has failed to state a claim for such relief (reinstatement) under Section 1983 against any of the Defendants sued in their official capacity. Official-capacity suits filed against state officials are merely an alternative way of pleading an action against the entity of which the defendant is an officer. *Hafer, supra*, 502 U.S. at 25. To bring such a claim, Plaintiff must identify a policy or custom of the governmental entity of which the official is an agent that was the moving force behind the violation of Plaintiff's constitutional rights. *Hafer*, 502 U.S. at 25; *Monell v. Dep't of Soc. Servs. of N.Y.*, 426 U.S. 658, 690 (1978). Moreover, only the officials who have the authority to execute and/or ensure execution of the type of court-ordered prospective injunctive relief are proper defendants. *Hartmann v. California Dep't of Corr. & Rehab*, 707 F.3d 1114, 1127 (9th Cir. 2013).

Assuming only for the sake of this motion that Plaintiff has adequately pled a violation of constitutionally protected speech based on the allegations of her FAC, which she has not, Count 1

7

NOTICE, MOTION, MPA ISO DEFENDANTS' FRCP RULE 12(B)(6) MOTION
CASE NO. 5:23-CV-03418-PCP

contains no allegation of the requisite policy or custom of the District that Plaintiff alleges was the moving force behind her alleged constitutional injury. Count 1 itself is bare bones conclusory legal allegations. It contains no allegation whatsoever of any District custom or policy that violated Plaintiff's rights to "free expression." (FAC ¶¶ 212-221.) With the sole exception of quoting 42 U.S.C. § 1983 (FAC § 214), Count 1 contains no alleged facts; only conclusory legal assertions that are not entitled to the presumption of truth under *Iqbal/Twombly*. *Iqbal, supra,* 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

While Count 1 does, by rote, incorporate the foregoing 211 Paragraphs in the FAC on a wide variety of topics, such an approach does not provide the requisite fair notice to Defendants under Rule 8(a)(2) of what Plaintiff is claiming to sufficiently enable the individual Defendants sued in their official capacities to defend themselves. Sifting through the FAC, the only specific mention of District "policy" is in Paragraphs 130 and 230[7] that allege, falsely, that Chancellor Judy Miner's December 6, 2022 letter to the public welcoming incoming President of Foothill College Christina Whalen, made it the District's official policy to "decenter Whiteness" on the basis of race (targeting one group, White people, on the basis of race). *See Shwarz, supra,* 234 F.3d at 435 (court need not accept as true allegations contradicted by judicially noticeable facts); *See* Request for Judicial Notice ("RJN"), Exhibit 1 to Decl. of Chipman. Moreover, even if there was such an official District policy (which there is not), Plaintiff has failed to allege how such alleged policy was the moving force behind any alleged violation of Plaintiff's right to free speech by any individual Defendant sued in their official capacity.

Count 1 should therefore be dismissed against *all* individual Defendants sued in their *official* capacities. To the extent that the Court permits Plaintiff leave to amend Count 1, she must only name the Defendant official within the District who can appropriately respond to the type of prospective injunctive relief sought (reinstatement). *Hartmann,* supra, 707 at 1127.

---

[7] ¶ 230 follows Count 1 in the FAC.

8

PLAZA DE JENNNINGS & CHIPMAN LLP
ATTORNEYS AT LAW
ALAMEDA

### 3. Plaintiff's Section 1983 Claim Fails To State A Claim For Damages Against Individual Defendants Sued In Their *Individual* Capacities

State officials sued in their individual capacities are "persons" under Section 1983 who may be sued for monetary damages if there is a sufficient causal connection between the actions of the individual defendant and the alleged violation of the federal right. *Duke v. City Coll. Of San Francisco*, 445 F. Supp. 3d 216, 228 (N.D. Cal. 2020), (claim against Chancellor in personal capacity is permissible, but only by showing that the official personally caused the deprivation of plaintiff's federal right), *citing Hafer v. Melo*, 502 U.S. 21, 25 (1991); *see also Alo v. Goldsmith*, 2023 U.S. Dist. LEXIS 111579 *9, 2023 WL 4239066 (E.D. Cal. June 28, 2023), adopted by *Alo v. Goldsmith*, 2023 U.S. Dist. LEXIS 157390 (E.D. Cal. Sept. 6, 2023) (finding that in Section 1983 suit against community college District officials that the complaint did not contain enough factual details to permit the Court to draw the reasonable inference that any named defendants are liable for the alleged misconduct). "To state a valid § 1983 claim, a 'plaintiff must plead that each government-official defendant, through the official's own individual actions, ha[s] violated the Constitution." *OSU Student All. v. Ray*, 699 F.3d 1053, 1069 (9th Cir. 2012) (citation omitted). A person deprives another of a constitutional right under Section 1983 "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act that he is legally required to do." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (internal quotations omitted). The inquiry into causation "must be individualized and focus on the responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer, supra*, 844 F.2d at 633.

Plaintiff has failed to adequately allege that any of the individual Defendants retaliated against her based on her alleged protected First Amendment conduct in their individual capacities. Count 1 falls far short of the obligation to plead facts of each individual Defendant's own actions causing the constitutional violation resulting in the primary harm Plaintiff is claiming – her termination. FAC ¶ 220. Indeed, Count 1 merely alleges as to each individual Defendant that they "violated Dr. Lee's right to free expression in her individual and official capacity" which is a mere conclusory legal assertion not entitled to a presumption of truth under

9

PLAZA DE JENNINGS & CHIPMAN LLP
ATTORNEYS AT LAW
ALAMEDA

*Iqbal/Twombly. Iqbal, supra*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). FAC ¶¶ 216-219. That is wholly inadequate. Moreover, Plaintiff's rote incorporation of the 211 Paragraphs that precede Count 1, irrespective of their topic, does not provide each Defendant with the requisite fair notice required under Rule 8(a)(2) as to each Defendant's direct personal responsibility for the harm that Plaintiff alleges (primarily her termination) supposedly for exercising her free speech rights. FAC ¶ 220.

Sifting through the FAC, Plaintiff fails to allege any actual facts from which it can be plausibly inferred that President Holmes' overriding the Phase I Tenure Review Committee's *recommendation*, thereby advancing Plaintiff to Phase II and allegedly not directly notifying her of his decision, was motivated by any constitutionally protected activity of Plaintiff or resulted in constitutional harm to Plaintiff for which Holmes could be liable for damages. FAC ¶¶ 197-198. Likewise there is an absence of plausibly pled facts that Vice President of Instruction Espinosa-Pieb's two alleged actions were motivated by any constitutionally protected activity of Plaintiff or resulted in constitutional harm to Plaintiff for which she could be liable for damages: "ordering removal" of some of Plaintiff's workshops from the College Events Calendar, or alleged "delisting" some workshops as eligible for faculty PGA credit. FAC ¶¶ 115, 118. Similarly, there is an absence of plausibly pled facts that AVPI Ray's alleged actions were motivated by any constitutionally protected activity of Plaintiff or resulted in constitutional harm to Plaintiff for which he could be liable for damages: serving on Plaintiff's Phase II Tenure Review Committee; allegedly "directing" removal of some of Plaintiff's workshops from the College Events Calendar; allegedly "delisting" some workshops for PGA credit; allegedly "reprimanding" Plaintiff for calling team meetings; allegedly "directing" Plaintiff's co-worker (Adriana Garcia) not to attend meetings with Plaintiff. FAC ¶¶ 13, 117, 118, 120, 145, 168, 200. Also, there is an absence of plausibly pled facts that AVPI Hearn's alleged actions were motivated by any constitutionally protected activity of Plaintiff or resulted in constitutional harm to Plaintiff for which she could be liable for damages: "negative evaluation;" allegedly telling Plaintiff that the Phase I recommendation would be unanimous; or "taking umbrage" at Plaintiff's November 29,

10

PLAZA DE JENNINGS & CHIPMAN LLP
ATTORNEYS AT LAW
ALAMEDA

2021 presentation to the Academic Senate; expressing her concern that discussing a colleague without their permission was unprofessional and disrespectful; advising Plaintiff of her perspective that Plaintiff was "burning bridges" and "did not have allies." FAC ¶¶ 91, 95, 99-101, 168, 184-188, 196.  Finally, for Dean Cortez' alleged conduct, there is also an absence of plausibly pled facts that her alleged actions were motivated by any constitutionally protected activity of Plaintiff or resulted in constitutional harm to Plaintiff for which she could be liable for damages: serving on Plaintiff's Tenure Review Committee; suggesting two webinars a year apart to Plaintiff; assigning Plaintiff to moderate a speaker forum; agreeing to attend team meetings; allegedly "taking over" team meetings; allegedly refusing to take action when a co-worker allegedly told Plaintiff during one team meeting that she was "Whitesplaining"; allegedly telling Plaintiff the reasons why she was not "Department Chair;" allegedly "removing" some of Plaintiff's workshops from the College's Events Calendar; allegedly "de-listing" Plaintiff's workshops for PGA credit; allegedly refusing to promote Plaintiff's workshops on Jewish inclusion; and allegedly informing Plaintiff that she would not update the Equity Office's website to condemn anti-Semitism.  FAC ¶¶ 111, 112, 115, 118-121, 125-137, 141-145.

Plaintiff's failure to allege "individual" and "specific" facts (that are not general and wholly conclusory) in Count 1 (or the FAC) plausibly linking the actions of each individual Defendant with an intent to retaliate against Plaintiff for her allegedly constitutionally protected free-speech activities resulting in alleged constitutional harm requires dismissal of Count 1 against each Defendant sued in their individual capacity for damages.

**4.    Each Individual Employee Defendant Sued In Their *Individual Capacity* Should Be Dismissed With Prejudice From Plaintiff's Section 1983 Claim Due To Qualified Immunity**

"Qualified immunity" 'protects all but the plainly incompetent or those who knowingly violate the law.'" *Gordon v. Cnty of Orange*, 6 F.4th 961, 968 (9th Cir. 2021).  Qualified immunity in Section 1983 actions "protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Sampson v. Cnty of Los Angeles*, 974 F.3d 1012,

11

PLAZA DE JENNNINGS & CHIPMAN LLP
ATTORNEYS AT LAW
ALAMEDA

1018 (9th Cir. 2020 (internal quotation marks and citations omitted). In deciding whether qualified immunity applies, courts ask two questions:  did the official violate a constitutional right, and (2) was that right clearly established at the time of the events at issue? *Seider v. de Vries*, 39 F.4th 591, 595 (9th Cir. 2022).  Either question can be addressed first and if the answer to either is "no," then the state actor cannot be held liable for damages. *Gordon, supra*, 6 F.4th at 1018.

In the Ninth Circuit, the *Pickering* balancing test is applied to "academic speech." *Demers v. Austin*, 746 F.3d 402 (2014) (declining to apply *Garcetti* [547 U.S.  410 (2006)] to teaching and academic writing and instead applying *Pickering* balancing [391 U.S. 563 (1968)].) As noted by the Ninth Circuit, ""[t]he Pickering balancing process in cases involving academic speech is likely to be particularly subtle and 'difficult'."  Moreover, "[t]he nature and strength of the interest of an employing academic institution will also be difficult to assess.  Possible variations are almost infinite." *Id.* at 413.  Also, "the evaluation of a professor's writing for purposes of tenure or promotion involves a judgment by the employing university about the quality of what he or she has written." *Id.* at 413.  "[W]e should hesitate before concluding that we know better than the institution itself the nature and strength of its legitimate interests." *Id.* at 413.  In the Ninth Circuit, "[a]s the Pickering analysis 'requires a fact-sensitive, context-specific balancing of competing interests, the law regarding public-employee free speech claims will 'rarely, if ever, be sufficiently clearly established to preclude immunity.'" *Brewster v. Bd. Of Educ. Of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 980 (9th Cir. 1998).

Count 1 is premised on the assertion that all "speech" Plaintiff has engaged in as a faculty member is protected under the First Amendment as "academic speech" under *Demers*, and thus the *Pickering* balancing would apply to determine if her First Amendment rights were violated. However, due to the convoluted and often vague nature of Plaintiff's FAC pleading, all instances of "protected speech" for which she is claiming retaliation by any individual employee Defendant is not sufficiently delineated to meet the requirements of *Iqbal/Twombly*.  Moreover, in the context of the statutory and collectively bargained tenure review process that was ongoing for Plaintiff during her two years of employment, the law was not sufficiently clearly established to place Holmes, Espinosa-Pieb, Ray, Hearn or Cortez on notice that any of their actions (as alleged

12

PLAZA DE JENNNINGS & CHIPMAN LLP
ATTORNEYS AT LAW
ALAMEDA

in the FAC) toward Plaintiff violated the First Amendment such that they should be liable for damages. (*See* alleged conduct in Section B.1.3, *infra*.) Therefore, the Section 1983 claim for damages should be dismissed against each Individual Employee Defendant on qualified immunity grounds.

**C. Count 2 Should Be Dismissed Because Plaintiff Fails To State A Claim For Discrimination On The Basis Of Race Under Title VI Of The Civil Rights Act Of 1964 Against The District And De Anza College**

Title VI prohibits intentional discrimination in federally funded programs. However, Congress did not intend Title VI to be the primary federal vehicle to prohibit employment discrimination, and therefore recipients of federal financial assistance can only be sued under Title VI *for employment discrimination* where the primary objective of the Federal financial assistance to that program or activity *is to provide employment*. 42 U.S.C. § 2000d-3; *Carbonell v. City of San Diego*, 2017 U.S. Dist. LEXIS 185487, 2017 WL 5176986 (S.D. Cal. November 7, 2017), citing *Consolidated Rail Corp. v. Darrone*, 465 U.S. 624, 632 n.23 (1984) (noting that "as the Court of Appeals observed, it was unnecessary to extend Title VI more generally to ban employment discrimination, as Title VII comprehensively regulates such discrimination").

Count 2 is a cause of action against the District and De Anza[8] for employment discrimination on the basis of race (including hostile environment) and retaliation in employment in alleged violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d (herein "Title VI").[9] (FAC ¶ 225.) In order to state a claim for employment discrimination under Title VI, Plaintiff must allege and prove that the District or De Anza College received federal financial assistance, the primary object of which was to provide employment, and that the funds went to

---

[8]District and De Anza College do not move to dismiss Counts 2 or 6 on Eleventh Amendment immunity grounds because Congress expressly abrogated States' Eleventh Amendment immunity against suits brought in federal court to enforce Title VI and Title VII. *Alexander v. Sandoval*, 532 U.S. 275, 280 (2001) (Title VI); *Fitzpatrick v. Bitzer*, 427 U.S. 445, 456-57 (1984) (Title VII).

[9] Title VI provides that "[no] person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d.

13

NOTICE, MOTION, MPA ISO DEFENDANTS' FRCP RULE 12(B)(6) MOTION
CASE NO. 5:23-CV-03418-PCP

PLAZA DE JENNNINGS & CHIPMAN LLP
ATTORNEYS AT LAW
ALAMEDA

discriminatory programs or activities. *Gao v. Hawaii Dep't of the Attorney General*, 2010 U.S. Dist. LEXIS 2073 (D. Hawaii Jan. 12, 2010), aff'd 424 Fed. Appx 641, 2011 U.S. App. LEXIS 6271 (9th Cir. 2011) (motion to dismiss granted because Plaintiff's allegation that federal funds impact his area of work was insufficient to state a claim); *Small v. Feather River College*, 2011 U.S. Dist. LEXIS 51579 *25 (E.D. Cal. May 2, 2011) (granting motion to dismiss for failure to state a claim under Title VI due to plaintiff's failure to allege that the primary objective of the federal funds received was to provide employment, and also because the basis for the "convoluted" claim was unclear because it included allegations of retaliation and harassment against plaintiff, allegations of a hostile work environment toward plaintiff, and allegations of the denial of educational benefits to students); *Carbonell, supra*, 2017 U.S. Dist. LEXIS at *14 (dismissing claim because there was "no allegation that the primary objective of whatever federal financial assistance was received by any of the Defendants was to provide employment").

While Count 2 alleges that "De Anza and the District receive federal funding" (FAC ¶ 224), the requisite allegation that the primary objective of the federal funds received *was to provide employment* is absent. *Gao, supra*; *Carbonell, supra*. Nor does Count 2 allege, as also required, that the funds went to discriminatory programs or activities. *Gao, supra*. Count 2 must therefore be dismissed.

Additionally, similar to the plaintiff in *Small, supra*, Count 2 is a mish-mash of disparate allegations that are convoluted and unclear. Count 2 does not provide the requisite fair notice to the District or De Anza under Rule 8(a)(2) of what Plaintiff is claiming to sufficiently enable the District and De Anza to be able to defend themselves effectively, or to be entitled to the presumption of truth under *Iqbal/Twombly*. *Starr, supra*, 652 F.3d at pp. 1214-16 (9th Cir. 2011); *George, supra*, 2022 U.S. Dist. LEXIS 215141 *37-38. Count 2 must also be dismissed for this additional reason.

**D.** **Count 3 Should Be Dismissed Because It Fails To State A Claim For Violation Of The California Constitution, Art. I, § 2(a) Against Any Defendant As A Matter of Law**

Count 3 is a private cause of action against all Defendants under California Constitution,

14

PLAZA DE JENNNINGS & CHIPMAN LLP
ATTORNEYS AT LAW
ALAMEDA

Article I, § 2(a) seeking damages due to an alleged violation of Lee's free speech.[10] FAC ¶ 243. Count 3 should be dismissed for *all Defendants* because it is well-established that Article I, § 2(a) does not confer a private right of action for damages. *See Degrassi v. Cook*, 29 Cal.4th 333, 336 (2002) ("there is no indication in the language of article 1, section 2(a), nor any evidence in the history of that provision, from which we may find, within that provision, an implied right to seek damages for a violation of the free speech right set out therein"); *Acosta v. City of Costa Mesa*, 718 F.3d 800, 823 n. 12 (9th Cir. 2013) (noting the California precedent that there is no basis to recognize a constitutional tort action for damages for a violation of Article I, § 2(a)); *Cuviello v. City & County of San Francisco*, 940 F. Supp. 2d (N.D. Cal. 2013) ("no court ... has yet to recognize a private right of action for damages under article I, section 2(a) since *Degrassi*"); *McAllister v. Los Angeles Unified School Dist.*, 216 Cal.App.4th 1198 (2013) (following *Degrassi*'s holding that a private right of action was not contemplated under Article I, § 2(a), and further finding that Section 2(a) could not be read to support prospective injunctive relief where an individual is seeking to be rehired by their employer).

As there is no right of action for damages under Article I, § 2(a) of the California Constitution (or prospective injunctive relief of reinstatement), Count 3 should be dismissed against *all* Defendants with prejudice.

### E. Count 6 For Discrimination And Retaliation In Violation Of Title VII Of The Civil Rights Act Of 1964 Should Be Dismissed In Whole Or Part For Failure To Exhaust Administrative Remedies And Failure To State A Claim

#### 1. Failure To Exhaust

Plaintiff's FAC has added Count 6 for alleged discrimination, retaliation, and hostile work environment by Defendants District and De Anza on the basis of race (Black) under Title VII. FAC ¶ 262. Before filing a civil claim under Title VII in court, it is a mandatory statutory prerequisite that a plaintiff must first exhaust administrative remedies by filing a timely charge

---

[10] Article I, § 2(a) states: "Every person may freely speak, write and publish his or her sentiments on all subjects, being responsible for the abuse of this right. A law may not restrain or abridge liberty of speech or the press."

15

PLAZA DE JENNINGS & CHIPMAN LLP
ATTORNEYS AT LAW
ALAMEDA

and receiving a right-to-sue letter. In cases, as here, where both the state and federal agencies share jurisdiction, a plaintiff is required to first file their charge with the state agency. *Fort Bend Cty. v. Davis*, 139 S. Ct. 1843 (2019).

To support her Title VII claims, Plaintiff alleges that she filed a charge with the California Civil Rights Department (CRD) and that she has attached to the FAC a copy of her *immediate right-to-sue letter* dated September 14, 2023 from the CRD. FAC ¶ 273. Plaintiff's CRD charge was dual-filed with the EEOC, and Plaintiff has subsequently received and filed a copy of a right-to-sue letter, dated September 19, 2023, from EEOC. ECF No. 24. A Title VII discrimination or retaliation charge must be filed within 300 days of the alleged discriminatory or retaliatory event. 42 U.S.C. § 2000e-5(e)(1), and "[a] plaintiff may not seek recovery for discrete discriminatory acts for which no timely charge was filed." *Aoyagi v. Straub Clinic & Hosp., Inc.* 140 F. Supp. 3d 1043, 1053 (D. Haw. 2015); *Siphannay Sothary Burnes v. Chavez*, 2020 U.S. Dist LEXIS 81663 *14 (N.D. Cal. May 8, 2020). The Court therefore should issue an order dismissing Plaintiff's race discrimination claims and retaliation claims to the extent they seek recovery for any discrete events occurring more than 300 days before the filing of Plaintiff's charge with the CRD (which appears from the CRD immediate right-to-sue letter to have also been September 14, 2023) – or discrete events occurring before November 18, 2022. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002).

### 2.    Race Discrimination

Title VII makes it unlawful for an employer "to discriminate against any individual with respect to [their] compensation, terms, conditions, or privileges of employment, because of such individual's race … ." 42 U.S.C. § 2000e-2(a)(1). A plaintiff may show race discrimination in violation of Title VII by proving disparate treatment (or impact), or by establishing the existence of a hostile work environment. "An individual suffers disparate treatment in his employment 'when he or she is singled out and treated less favorably than others similarly situated.'" *Giles v. San Joaquin Valley Rehab. Hosp.*, 2023 U.S. Dist. LEXIS 121567 *13, 2023 WL 4551692 (E.D. Cal. July 14, 2023). Pleading a claim for race discrimination under Title VII requires that the

16

PLAZA DE JENNNINGS & CHIPMAN LLP
ATTORNEYS AT LAW
ALAMEDA

Plaintiff plead that similarly situated employees outside of her protected class (Black) were treated more favorably than Plaintiff. "[I]ndividuals are similarly situated when they have similar jobs and display similar conduct." *Vasquez v. County of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003).

Plaintiff has not pled that she was subject to disparate treatment *because of her race* (Black) in her "compensation, terms, conditions, or privileges" of employment or that similarly situated employees outside of her protected class (Black) were treated more favorably than Plaintiff. The FAC is devoid of any alleged facts that the Defendants did not terminate other, non-Black contract faculty who engaged in conduct similar to Plaintiff. Nor does the FAC contain factual allegations of direct evidence of race discrimination, such as an allegation that a supervisor made a derogatory comment about Plaintiff's race. The sole allegedly derogatory comment ("White speak") attributed to someone in the FAC was not made by a supervisor or a member of Plaintiff's Tenure Review Committee, and occurred over a year prior to Plaintiff's termination. FAC, ¶¶ 57, 266. Although Plaintiff alleges in Count 6 and elsewhere in the FAC in conclusory fashion that "employees of the District and De Anza, repeatedly informed Dr. Lee she was not the 'right kind of Black person,'" Plaintiff has not identified one instance where she was "informed" of this by any employee of the District or De Anza. The same is true of the conclusory allegation that "Respondents forced Dr. Lee to project hostile stereotypes of Black Americans based on race through the Office of Equity and Engagement." The FAC is devoid of factual allegations where Plaintiff was "forced" to "project hostile stereotypes of Black Americans" in her work. To the contrary, the main focus of Plaintiff's allegations in the FAC is that she publicly addressed "dissenting viewpoints" on multiple issues regarding race and was allegedly retaliated against for so doing. FAC at 2:14-19; FAC ¶ 153. "Dissenting viewpoints" is *not race discrimination in employment.*

Plaintiff's claim for race discrimination should therefore be dismissed because Plaintiff has not articulated plausible, well-pled factual allegations that the District or De Anza acted to terminate her or take any other adverse employment action against her because of Plaintiff's race

17

PLAZA DE JENNNINGS & CHIPMAN LLP
ATTORNEYS AT LAW
ALAMEDA

(Black). *See e.g. McCarthy v. Brennan*, 2016 U.S. Dist. LEXIS 32635 *16, 2016 WL 94609 (N.D. Cal. March 14, 2016).

### 3. Hostile Work Environment

Title VII may also be violated "[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive work environment." To state a hostile work environment claim based on race, a plaintiff must sufficiently allege "(1) that [she] was subjected to verbal or physical conduct of a racial ... nature; (2) that the conduct was unwelcome; and (3) that the conduct was sufficiently severe or pervasive to alter the terms and conditions of the plaintiff's employment or create an abusive work environment." *Giles, supra*, 2023 U.S. Dist. LEXIS 121567 *15-16. Under Title VII, a plaintiff must have been subject to "*discriminatory intimidation, ridicule, and insult*." *Giles, supra*, 2023 U.S. Dist. LEXIS 121567 *16, citing *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 78 (1998). The offensiveness of race-based harassment is judged from the perspective of a reasonable person of the same racial or ethnic group as the plaintiff. *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103 (9th Cir. 2004).

Plaintiff's FAC is devoid of alleged plausible facts that she was subjected to verbal or physical conduct of a racial nature that was severe and pervasive enough to alter the terms and conditions of her employment or create an abusive work environment. Her claim that the "Chancellor of the District [] expressly made 'decentering Whiteness the official policy of the District on the basis of race" and thereby "created a hostile environment" that was severe, pervasive, and objectively offensive, lends no factual plausibility to Plaintiff's claims. FAC ¶¶ 267-268. As addressed above in Section III.B.2, the allegation that the Chancellor made "decentering Whiteness" the official District policy is patently false and Plaintiff's allegations in this regard are not entitled to the presumption of truth under *Iqbal/Twombly* when considered in light of the facts subject to judicial notice.

Plaintiff's claim for race discrimination should therefore be dismissed because Plaintiff has not articulated plausible, well-pled allegations that she was subjected to an unlawful hostile work environment based on her race.

18

PLAZA DE JENNNINGS & CHIPMAN LLP
ATTORNEYS AT LAW
ALAMEDA

#### 4.    Retaliation

Title VII is violated if the employer retaliates against an employee for opposing conduct made unlawful by Title VII or by participation in the machinery set up by Title VII to enforce its provisions. *Hashimoto v. Dalton*, 118 F.3d 671, 680 (9th Cir. 1997). In order to state a claim under Title VII for retaliation for engaging in protected activity, a plaintiff must allege that (1) she engaged in protected activity, (2) her employer subjected her to a materially adverse employment action, and (3) a causal link exists between the protected activity and the adverse action. *Westendorf v. W. Coast Contractors of Nex., Inc.*, 712 F.3d 417, 421 (9th Cir. 2013).

Count 7 alleges that Plaintiff "objected to" racial "affinity groups" for students, faculty and staff. Plaintiff also alleges that she submitted grievances and "complained" to the District and the Individual Employee Defendants, and was thereafter retaliated against for her "opposing race-based policies" and her objection to the "race-based discrimination." FAC ¶ 271. However, to state a claim for retaliation under Title VII, Plaintiff must allege that her complaints to the District referenced conduct "made unlawful by [Title VII]" (i.e. race discrimination in employment). *Hashimoto*, 118 F.3d at 680. The FAC fails to adequately plead plausible facts that Plaintiff's "objections," "complaints," or grievances referenced conduct made unlawful by Title VII. Nor does the FAC sufficiently allege a causal link, such as dates, between any alleged protected activity under Title VII and her termination or other adverse employment action occurring after November 18, 2022. As such, Plaintiff has failed to adequately plead plausible facts of retaliation under Title VII and her retaliation claim should be dismissed. *See e.g. McCarthy v. Brennan*, 2016 U.S. Dist. LEXIS 32635 *34, 2016 WL 946099 (N.D. Cal. March 14, 2016) (motion to dismiss granted where plaintiff failed to adequately plead the type of discrimination he reported to EEO and his union); Giles, supra (motion to dismiss granted where plaintiff failed to allege that complaints to his employer were about conduct made unlawful by Title VII or dates indicating sufficient temporally proximity to support an inference of causation).

These defects in pleading warrant dismissal of Plaintiff's Title VII retaliation claim.

PLAZA DE JENNNINGS & CHIPMAN LLP
ATTORNEYS AT LAW
ALAMEDA

NOTICE, MOTION, MPA ISO DEFENDANTS' FRCP RULE 12(B)(6) MOTION
CASE NO. 5:23-CV-03418-PCP

**F.** **Count 7 For Violation Of California's Fair Employment And Housing Act (FEHA) Should Be Dismissed As To The Individual Defendants Sued In Their Individual Capacities On The Grounds Of Failure To Exhaust Administrative Remedies And Failure To State A Claim**

**1.     Failure To Exhaust**

Count 7 is for alleged violation of California's Fair Employment & Housing Act, Cal. Gov't Code §§ 12940 *et seq.* (FEHA). *Before* filing a civil action in court alleging violations of FEHA, a plaintiff *must* first exhaust their administrative remedies with the California Civil Rights Department (herein "CRD").[11] *See e.g. Kim v. Konad USA Distrib., Inc.*, 226 Cal. App. 4th 1336, 1345 (2014) ("Before filing a civil action alleging FEHA violations, a [complainant] must exhaust his or her administrative remedies with DFEH"); *Jumaane v. City of Los Angeles*, 241 Cal. App. 4th 1390, 1402 (2015) (plaintiff bears the burden of pleading timely filing of a sufficient complaint with the DFEH and obtaining right-to-sue notice); *see also Williams v. Am. Airlines, Inc.*, 2020 U.S. Dist. LEXIS 49949, at *14 (N.D. Cal. March 23, 2020) (following California decisions requiring exhaustion with DFEH and receipt of a right-to-sue letter from DFEH *prior* to filing civil suit).

Plaintiff alleged in her initial Complaint that she had obtained her right-to-sue letter from the CRD and that the right-to-sue letter is attached. FAC ¶ 273. However, Plaintiff's filed Complaint attached no-right-to-sue letter. On September 14, 2023, *two months after* filing her initial Complaint, Plaintiff filed a complaint with the CRD and requested an immediate right-to-sue letter, which was issued that same day. Plaintiff has now attached a September 14, 2023 immediate right-to-sue cover letter to her First Amended Complaint as if it had been the one referenced in her initial Complaint filed July 10, 2023 as *already received.* As is evident from the complete September 14, 2023 immediate right-to-sue letter package provided previously by Plaintiff's counsel, Plaintiff's complaint was filed with the CRD on September 14, 2023 and she therefore did not exhaust this jurisdictional pre-requisite prior to initiating this litigation on July 10, 2023. *See* RJN, Exhibit 2 to Decl. of Chipman.

---

[11] The California Civil Rights Department was formerly California's Department of Fair Employment & Housing (DFEH).

20

PLAZA DE JENNINGS & CHIPMAN LLP
ATTORNEYS AT LAW
ALAMEDA

Accordingly, Lee is precluded from pursuing her FEHA claims in this litigation against any Defendant as a matter of law with prejudice (irrespective of the fact that she is also barred by Eleventh Amendment Immunity from pursuing her FEHA claims against the District, De Anza College, the Individual Trustee Defendants, and the Individual Employee Defendants sued in their official capacity).

### 2. Failure To State A Claim Against The Individual Employee Defendants

Count 7 must also be dismissed against each Individual Employee Defendant sued in their individual capacity (Holmes, Espinosa-Pieb, Ray, Cortez and Hearn). Similar to Count 1, Count 7 consists entirely of bare-bones conclusory legal allegations that are not entitled to the *Iqbal/Twombly* presumption of truth and are insufficient to state a claim. *Iqbal, supra,* 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice") Likewise, while Count 7 does, by rote, incorporate the foregoing 275 Paragraphs in the FAC on a wide variety of topics unrelated to a cause of action under FEHA (then reincorporates Counts 1 and 2 again), such an approach does not provide the requisite fair notice to Defendants under Rule 8(a)(2) of what Plaintiff is claiming to sufficiently enable Defendants sued in their individual capacities to defend themselves, and on that basis alone Count 7 should be dismissed.

#### a) Race Discrimination And Retaliation

The claims of discrimination or retaliation on the basis of race (FAC ¶ 277) against each Individual Employee Defendant must be dismissed with prejudice as a matter of law because there is no individual employee liability for such claims under FEHA. *Reno v. Baird,* 18 Cal.4th 640 (1998) (no individual employee liability for discrimination under FEHA); *Jones v. The Lodge at Torrey Pines P'ship,* 42 Cal.4th 1158, 1173 (2008) (no individual employee liability for retaliation under FEHA).

#### b) Racial Harassment

Supervisory employees may be individually liable for racial harassment under FEHA for their actions constituting unlawful harassment. To state a claim of racial harassment under FEHA, Plaintiff must allege facts that: (1) she belonged to a protected group; (2) she was

21

subjected to unwelcomed harassment because of being a member of that group; and (3) the harassment was sufficiently severe and pervasive to alter the conditions of employment and create an abusive working environment. *Tandon v. GN Audio USA, Inc.*, 2021 U.S. Dist. LEXIS 13581 *34-35, 2021 WL 242916 (N.D. Cal. July 25, 2021), *aff'd Tandon v. GN Audio USA, Inc.* 2022 U.S. App. LEXIS (9th Cir. Cal., Apr. 25, 2022). To be actionable, "harassment cannot be occasional, isolated, sporadic, or trivial[;] rather the plaintiff must show a concerted pattern of harassment of a repeated, routine or a generalized nature." *Aguilar v. Avis Rent A Car Sys., Inc.*, 21 Cal.4th 121, 131 n.8 (1999). The critical inquiry is whether the challenged conduct consists of "conduct *outside the scope of necessary job performance*, conduct presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives." *Janken* v. *GM Hughes Elec.*, 46 Cal. App. 4th 55, 62 (1996) (emphasis added). By contrast, "commonly necessary personnel management actions such as hiring and firing, job or project assignments, promotion or demotion, performance evaluations, the provision of support, the assignment or nonassignment of supervisory functions, deciding who will and who will not attend meetings, deciding who will be laid off and the like do not come within the meaning of harassment." *Janken, supra*, 46 Cal.App. 4th at 65; *Lawler v. Montblanc N. Am., LLC*, 704 F.3d 125, 1244 (9th Cir. 2013) ("Unlike discrimination claims, harassment consists of actions outside the scope of job duties which are not of a type necessary to business and personnel management," citing *Reno* and *Janken*). As the United States Supreme Court has emphasized, offhand comments will not amount to harassment; the alleged conduct must be "extreme." *Faragher v. Boca Raton*, 524 U.S. 775. A claim requires conduct that would have interfered with a reasonable employee's work performance and would have seriously affected the psychological well-being of a reasonable employee. *Tandon, supra*, 2021 U.S. Dist. LEXIS at *35 (quotation marks omitted).

Sifting again through the FAC for alleged facts, it is apparent that the conduct Plaintiff attributes to each Individual Employee Defendant (Holmes, Espinosa-Pieb, Ray, Cortez and Hearn) is the type of commonly necessary personnel management actions within the scope of their job duties that do not constitute unlawful harassment by any individual supervisory employee under FEHA. Moreover, Plaintiff fails to allege any facts of a nexus tying each

22

Individual Employee Defendant's actions to Plaintiff's race (Black), or that any of each Individual Employee Defendant's actions plausibly meets the requisite "severe and pervasive" conduct for individual liability. Plaintiff fails to allege any actual facts from which it can be plausibly inferred that President Holmes'[12] overriding the Phase I Tenure Review Committee's *recommendation*, thereby advancing Plaintiff to Phase II and allegedly not directly notifying her of his decision, was motivated by Plaintiff's race. FAC ¶¶ 197-198. The same is true for Vice President of Instruction Espinosa-Pieb's alleged actions: "ordering removal" of some of Plaintiff's workshops from the College Events Calendar, or alleged "delisting" some workshops as eligible for faculty PGA credit. FAC ¶¶ 115, 118. Similarly, there is an absence of plausibly pled facts that AVPI Ray's alleged actions were motivated by Plaintiff's race: serving on Plaintiff's Tenure Review Committee; allegedly "directing" removal of some of Plaintiff's workshops from the College Events Calendar; allegedly "delisting" some workshops for PGA credit; allegedly "reprimanding" Plaintiff for calling team meetings; allegedly "directing" Plaintiff's co-worker (Adriana Garcia) not to attend meetings with Plaintiff. FAC ¶¶ 13, 117, 118, 120, 145, 168, 200. The same is true for AVPI Hearn's alleged conduct: "negative evaluation;" allegedly telling Plaintiff that the Phase I recommendation would be unanimous; or "taking umbrage" at Plaintiff's November 29, 2021 presentation to the Academic Senate; expressing her concern that discussing a colleague without their permission was unprofessional and disrespectful; advising Plaintiff of her perspective that Plaintiff was "burning bridges" and "did not have allies." FAC ¶¶ 91, 95, 99-101, 168, 184-188, 196. Finally, there are no plausibly pled facts that Dean Cortez' alleged conduct was motivated by Plaintiff's race: serving on Plaintiff's Tenure Review Committee; suggesting two webinars a year apart to Plaintiff; assigning Plaintiff to moderate a speaker forum; agreeing to attend team meetings; allegedly "taking over" team meetings; allegedly refusing to take action when a co-worker allegedly told Plaintiff during one team meeting that she was "Whitesplaining"; allegedly telling Plaintiff the reasons why she was not "Department Chair;" allegedly "removing" some of Plaintiff's workshops from the College's Events Calendar; allegedly "de-listing" Plaintiff's workshops for PGA credit; allegedly

---

[12] Holmes, like Plaintiff, is Black.

23

refusing to promote Plaintiff's workshops on Jewish inclusion; and allegedly informing Plaintiff that she would not update the Equity Office's website to condemn anti-Semitism. FAC ¶¶ 111, 112, 115, 118-121, 125-137, 141-145.

Plaintiff has failed to allege a claim of unlawful *harassment* based on Plaintiff's race (Black) against either Holmes, Espinosa-Pieb, Hearn, Ray or Cortez and Count 7 must therefore be dismissed against each Individual Employee Defendant.

## IV.    CONCLUSION

Defendant's Motion to Dismiss Counts 1 through 7 of the FAC should be granted in its entirety on the grounds set forth above.

Dated:        October 12, 2023                    PLAZA DE JENNINGS & CHIPMAN LLP

By: _Jayne B. Chipman_
            Carmen Plaza de Jennings
            Jayne Benz Chipman

Attorneys for Defendants
THE FOOTHILL-DE ANZA COMMUNITY
COLLEGE DISTRICT, DE ANZA
COMMUNITY COLLEGE, LLOYD A.
HOLMES, PATRICK AHRENS, LAURA
CASAS, PEARL CHENG, PETER
LANDSBERGER, GILBERT WONG,
ALICIA CORTEZ, THOMAS RAY,
CHRISTINA ESPINOSA-PIEB, and LYDIA
HEARN

PLAZA DE JENNINGS & CHIPMAN LLP
ATTORNEYS AT LAW
ALAMEDA

NOTICE, MOTION, MPA ISO DEFENDANTS' FRCP RULE 12(B)(6) MOTION
CASE NO. 5:23-CV-03418-PCP