1   CARMEN PLAZA DE JENNINGS (SBN 091742)
    JAYNE BENZ CHIPMAN (SBN 140048)
2   PLAZA DE JENNINGS & CHIPMAN LLP
    1000 Marina Village Parkway, Suite 110
3   Alameda, CA 94501
    Telephone:  (510) 319-7080
4   Attorneys for Defendants THE FOOTHILL-DE ANZA
    COMMUNITY COLLEGE DISTRICT, et al.
5
    NEAL S. ZASLAVSKY (SBN 277543)
6   LAW OFFICE OF NEAL S. ZASLAVSKY
    A PROFESSIONAL CORPORATION
7   8335 Sunset Boulevard, Suite 101
    West Hollywood, CA 90069
8   Telephone: (323) 389-1881

9   MICHAEL THAD ALLEN
    admitted *pro hac vice*
10  ALLEN HARRIS PLLC
    PO Box 404
11  Quaker Hill, CT 06357
    Telephone: (860) 772-4738
12  Attorneys For Plaintiff TABIA LEE

13              UNITED STATES DISTRICT COURT

14            NORTHERN DISTRICT OF CALIFORNIA

15                    SAN JOSE DIVISION

16  TABIA LEE,                          Case No.  5:23-CV-03418-EKL

17          Plaintiff,                  **JOINT CASE MANAGEMENT
    vs.                                 CONFERENCE STATEMENT**
18
    THE FOOTHILL-DE ANZA                Hearing Date:   December 4, 2024
19  COMMUNITY COLLEGE DISTRICT,         Time:           1:30 p.m.
    DE ANZA COLLEGE, PATRICK J.         Judge:          Hon. Eumi K. Lee
20  AHRENS, LAURA CASAS, PEARL          Courtroom:      7, 4th Floor  (via Zoom)
    CHENG, PETER LANDSBERGER, LEE
21  LAMBERT, and GILBERT WONG, in their
    official capacities; CHRISTINA          **AS MODIFIED**
22  ESPINOSA-PIEB, in her official and
    individual capacities; ALICIA CORTEZ,
23  LYDIA HEARN, LLOYD A. HOLMES,
    and THOMAS RAY, in their individual
24  capacities,

25
            Defendant(s).
26

27

28          The parties to the above-entitled action jointly submit this JOINT CASE

PLAZA DE JENNINGS & CHIPMAN LLP
ATTORNEYS AT LAW
ALAMEDA

MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the _Standing Order for All_

_Judges of the Northern District of California_ and Civil Local Rule 16-9.

**1.    Jurisdiction & Service**

Plaintiff Tabia Lee's ("Plaintiff") Second Amended Complaint ("SAC" contains federal

causes of action based on 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964, as

amended.  In addition to federal question jurisdiction, the Court has supplemental jurisdiction

over Plaintiff's state law California Government Code §§ 12940 _et seq_. claims against

Defendants Lloyd Holmes ("Holmes"), Alicia Cortez ("Cortez"), Thomas Ray ("Ray"),

Christina Espinosa-Pieb ("Espinosa-Pieb") and Lydia Hearn ("Hearn") sued in their individual

capacities pursuant to 28 U.S.C. § 1367.  No issues exist regarding personal jurisdiction or

venue.  All parties have been served.

**2.    Facts**

Statement by Plaintiff:

Dr. Lee has sued the Trustees of the Foothill-De Anza Community College District

("District"), referred to collectively as the "Trustee Defendants" in their official capacities for

the violation of her First Amendment rights. She has also sued the President of De Anza

Community College ("De Anza"), Lloyd Holmes, as well as administrators Alecia Cortez,

Thomas Ray, Christina Espinosa-Pieb, and Lydia Hearn in their individual and official

capacities.  With regard to her employment claims, Dr. Lee brings a Title VII claim against De

Anza and the District as her employer, but she also sues the Individual Defendants under

FEHA.

District and De Anza promote the message that people of color should properly be

considered incapable of core values like "objectivity," "individualism," "perfectionism,"

"progress," and "worship of the written word" — in other words, values and characteristics

normally associated with hard work and success.  Dr. Lee opposed this message as a full

tenure-track faculty member.  When Dr. Lee, who is Black, criticized the hostile environment

these ideological pieties created at De Anza and in the District, she was immediately attacked,

accused of "whitesplaining," and told that she was not the "right kind of Black person."  Dr.

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
CASE NO. 5:23-CV-03418-EKL

PLAZA DE JENNINGS & CHIPMAN LLP
ATTORNEYS AT LAW
ALAMEDA

Lee was harassed, censored, retaliated against, publicly humiliated before the District's Board, and eventually fired.

    <u>Statement By Defendants</u>:  Plaintiff Tabia Lee was hired in August 2021 as the Faculty Director of the Office of Equity, Social Justice and Multicultural Education at De Anza College, a tenure track position.  Defendant Foothill-De Anza Community College District determined pursuant to the applicable procedures set forth in the California Education Code to release Plaintiff from her tenure track position for the 2023-2024 Academic Year.  The nonrenewal of Plaintiff's employment to continue in a tenure track position for the 2023-2024 Academic Year, and Defendants' actions toward Plaintiff during her employment, were lawful, appropriate, and consistent with the California Education Code and the Foothill-De Anza Community College District's policies and Tenure Review procedures negotiated with its faculty union.  Defendants deny Plaintiff's allegations and all Causes of Action in the Second Amended Complaint, including but not limited to:  Defendants retaliated against, and censored Plaintiff in violation of her First Amendment rights to freedom of speech; Defendants subjected Plaintiff to an unlawful hostile work environment based on race, and retaliation for engaging in protected activity under Title VII; and that Plaintiff was subjected to racial harassment in violation of California's Fair Employment and Housing Act (FEHA).

**3.**    <u>**Legal Issues**</u>

    Plaintiff has five alleged causes of action in her SAC against Defendants.  Currently, all five causes of action are in dispute:

(1) Count 1 – 42 U.S.C. § 1983 (First Amendment Free Speech Retaliation)

(2) Count 2 – 42 U.S.C. § 1983 (First Amendment Free Speech Censorship)

(3) Count 3 – Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000-e (Hostile Environment)

(4) Count 4 – Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000-e (Retaliation)

(5) Count 5 –  California Fair Employment and Housing Act ("FEHA"), California Government Code §§ 12900 *et seq*.

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
CASE NO. 5:23-CV-03418-EKL

Defendants' Motion to Dismiss the Second Amended Complaint was heard on October 30, 2024, and may further narrow the legal issues in this case.

**4.    Motions**

Prior Motions:  Defendants filed a Rule 12(b)(6) Motion to Dismiss the First Amended Complaint (ECF No. 34) on October 12, 2023.   On May 7, 2024, the Court granted the Motion to Dismiss and dismissed the First Amended Complaint in its entirety, with partial leave to amend.  (ECF No. 51.)  The Court dismissed the following Counts in the FAC without leave to amend:  Count 2 (Title VI); Count 3 (Cal. Const., Art. 1, Sec. 2(a)); Count 4 (Wrongful Termination – FEHA); and Count 5 (Wrongful Termination – Cal. Const., Art. 1, Sec. (8)).  The three Counts dismissed, with leave to amend, were the following :  (1) First Amendment Free Speech (42 U.S.C. § 1983) (herein "First Amendment");  (2) Title VII of the Civil Rights Act of 1964 (42 U.S. C. § 2000-e); and (3) California's Fair Employment and Housing Act (Gov't Code § 12940 et seq.).

Pending Motions:  Plaintiff filed a Second Amended Complaint on May 31, 2024.  Defendants filed a Rule 12(b)(6) Motion to Dismiss the Second Amended Complaint (ECF No. 55) in its entirety.  The matter is fully briefed and oral argument was held on Defendants' Motion on October 30, 2024.  A decision on the Motion is pending.

Anticipated Motions:  Defendants anticipate filing a motion for summary judgment/adjudication.  Plaintiff reserves the right to file discovery motions depending upon Defendants compliance with the obligations of discovery under the Federal Rules of Procedure and the rules of this Court.

**5.    Amendment of Pleadings**

Neither Plaintiff nor Defendants anticipate further amendment of pleadings.

**6.    Evidence Preservation**

The parties have not yet met and conferred pursuant to Rule 26(f) regarding reasonable and appropriate steps taken to preserve evidence relevant to the issues reasonably evident in this action and reviewed the Guidelines Relating to the Discovery of Electronically Stored

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
CASE NO. 5:23-CV-03418-EKL

PLAZA DE JENNINGS & CHIPMAN LLP
ATTORNEYS AT LAW
ALAMEDA

Information ("ESI Guidelines").  The parties expect to do so within 15 days following receipt of the Court's Order on Defendants' pending Motion to Dismiss.

**7.    Disclosures**

The parties have not yet met and conferred pursuant to Rule 12(f) given the pending Motion to Dismiss.  The parties propose a Rule 26(f) meet and confer deadline of 15 days following receipt of the Court's Order on the pending Motion to Dismiss, and propose that Initial Disclosures be exchanged on or before 45 days following receipt of the Court's Order on the pending Motion to Dismiss.  The case is not subject to General Order Nos. 56 or 71.

**8.    Discovery**

No discovery has been conducted to date.  Pursuant to Rule 26(f), the parties' proposed discovery plan is as follows:

(a)    The parties do not propose any changes should be made in the form or requirement for disclosures under Rule 26(a). The parties propose exchanging Initial Disclosures on or before 45 days following receipt of the Court's order on the pending Motion to Dismiss.

(b)    The parties believe that the scope of discovery shall be as set forth in Rule 26(b)(1) and does not need to be conducted in phases.

(c)    The parties do not foresee any issues about disclosure or discovery of electronically stored information.

(d)    The parties are unaware at this time of any issues about claims of privilege or of protection as trial-preparation materials.

(e)    The parties do not propose any changes be made in the limitations on discovery imposed under these rules or by local rule.

**9.    Class Actions**

This case is not a class action.

**10.    Related Cases**

The parties are not aware of any related cases.

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
CASE NO. 5:23-CV-03418-EKL

**11.    Relief**

Plaintiff's Second Amended Complaint seeks general and special damages, punitive damages, declaratory and injunctive relief (reinstatement), attorney's fees and costs. Defendants deny that Plaintiff is entitled to any damages or relief on her claims. Should Plaintiff be adjudged entitled to any damages in her lawsuit, damages would be calculated according to proof.

**12.    Settlement and ADR**

The parties have not engaged in any settlement discussions at this early juncture in the case. The Court continued the ADR Certification deadline on October 30, 2024 with a new date to be determined by the Court.

**13.    Other References**

The parties do not agree that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14.    Narrowing of Issues**

Plaintiff and Defendants believe that the pending Motion to Dismiss will potentially narrow the issues in this case. Defendants further believe that the issues can be narrowed through Motions for Summary Judgment/Adjudication.

Given the pending Motion to Dismiss and that the parties have not started discovery, the parties are not able at this juncture to identify any other ways to potentially narrow issues or otherwise expedite resolution of issues most consequential to this case.

**15.    Scheduling**

The parties propose that they submit a Supplemental Case Management Conference Statement within 45 days of the Court's Order on the pending Motion to Dismiss with proposed dates for completion of the following scheduling items. Should the Court not be amenable to this approach, the parties propose the following consistent with the Court's Standing Order For Civil Cases (August 16, 2024), Section VI "Case Management Conferences":

- Motions to Amend Pleadings Or To Add Parties: None anticipated given the stage of pleadings. *See* response to No. 5 above.

6

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
CASE NO. 5:23-CV-03418-EKL

PLAZA DE JENNINGS & CHIPMAN LLP
ATTORNEYS AT LAW
ALAMEDA

- <u>Deadline to Complete ADR</u>:  Two (2) months after the close of fact discovery.

- <u>Final Case Management Conference:</u>  Eight (8) weeks before the close of fact discovery.

- <u>Close of Fact Discovery</u>:  Eight (8) months after the initial case management conference.

- <u>Close of Expert Discovery</u>:  Four (4) months after the close of fact discovery.

- <u>Close of Briefing on Summary Judgment</u>:  Ten (10) weeks after the close of expert discovery, with hearings scheduled four (4) weeks after the final brief is submitted as permitted by the Court's motion calendar.

- <u>Pretrial Conference</u>:  Four (4) weeks before the beginning of trial~~, with a joint pretrial statement due two (2) weeks before the conference~~.

- <u>Trial</u>:  Twenty (20) months after the initial Case Management Conference.

**16.    <u>Trial</u>**

Plaintiff has demanded a jury trial.  The parties propose that they submit a Supplemental Case Management Statement within 45 days of the Court's order on the pending Motion to Dismiss addressing the expected length of trial.

**17.    <u>Disclosure of Non-party Interested Entities or Persons</u>**

The parties propose that they file the required Certifications of Interested Entities and Persons by December 4, 2024.  No such parties have been identified at this time by Plaintiff.

**18.    <u>Professional Conduct</u>**

Attorneys of record for all parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19.    <u>Other</u>**

The parties believe that this statement addresses all pertinent matters at this juncture, so as to facilitate the just, speedy and inexpensive disposition of this matter.

PLAZA DE JENNINGS & CHIPMAN LLP
ATTORNEYS AT LAW
ALAMEDA

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
CASE NO. 5:23-CV-03418-EKL

Dated: November 20, 2024                    PLAZA DE JENNINGS & CHIPMAN LLP

By: /s/ Jayne Benz Chipman
_____
Carmen Plaza de Jennings
Jayne Benz Chipman

Attorneys for Defendants
THE FOOTHILL-DE ANZA
COMMUNITY COLLEGE DISTRICT,
DE ANZA COLLEGE, PATRICK J.
AHRENS, LAURA CASAS, PEARL CHENG,
PETER LANDSBERGER, LEE LAMBERT,
and GILBERT WONG, in their official capacities; CHRISTINA
ESPINOSA-PIEB, in her official and individual capacities;
ALICIA CORTEZ, LYDIA HEARN, LLOYD A. HOLMES,
and THOMAS RAY, in their individual capacities,


Dated: November 20, 2024                    ALLEN HARRIS PLLC

By: /s/ Michael Thad Allen
_____
Michael Thad Allen

Attorney for Plaintiff
TABIA LEE


## CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is

approved as the Case Management Order for this case and all parties shall comply with its

provisions. In addition, the Court makes the further orders stated below:

• ADR Certification & Rule 26(f) Meet and Confer: Mar 5, 2025

• Last day to hear dispositive and Daubert motions:  April 08, 2026.


**IT IS SO ORDERED.**


Dated: February 12, 2025          _____
                                          Eumi K. Lee
                                 UNITED STATES DISTRICT JUDGE

8

PLAZA DE JENNINGS & CHIPMAN LLP
ATTORNEYS AT LAW
ALAMEDA